**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CURTIS L. CLEMONS,
BCJ # 4805584,**

     **Plaintiff,**

**vs.**                       **Case No. 4:24-cv-448-MW-MAF**

**CAPTAIN MARTIN, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C § 1983 on October 21, 2024 by prison mailbox rule. ECF No. 1. Plaintiff is proceeding on his amended complaint, ECF No. 7, which alleges Eighth Amendment claims of excessive force and denial of medical treatment against the three correctional-officer Defendants. On October 24, 2025, Defendants filed a motion to dismiss with exhibits. ECF No. 42; 42-1 through 42-6. Defendants argue dismissal is warranted because Plaintiff failed to exhaust administrative remedies; alternatively, they argue Plaintiff is barred from recovering punitive damages.

The Court ordered Plaintiff to file a response in opposition to Defendants' motion to dismiss. See ECF No. 43 (advising Plaintiff of his obligation to respond under the Local Rules and warning him of the

consequences for failing to respond). Plaintiff's deadline to do so was December 12, 2025. See ECF No. 45. Several days after the deadline expired, Plaintiff submitted an unsigned, one paragraph letter claiming, "the grievances and appeals" in Defendants' motion are "not all that [was] given" and Plaintiff "did all [he could] with what little [he] had." ECF No. 46 at 1. The Court explained to Plaintiff that the filing could not be considered a response because it was unsigned and did not comply with the substantive requirements of the Local Rules. ECF No. 47 at 1-2. Plaintiff was given a "final opportunity to submit a legally sufficient response in opposition" by January 21, 2026 and was again warned that his failure to comply would result in Defendants' motion being "treated as unopposed." Id. at 2.

The deadline has passed and Plaintiff has not filed anything. No mail has been returned. Defendants' motion to dismiss is ripe for review.[1] As discussed below, Plaintiff failed to exhaust his administrative remedies and Defendants' motion to dismiss should be granted. Because failure to exhaust

---

[1] The Eleventh Circuit has made clear that granting a dispositive motion based solely on a party's failure to file a response in opposition is an abuse of discretion. E.g., Giummo v. Olsen, 701 F. App'x 922, 924 (11th Cir. 2017). Therefore, the Court will review the Defendants' motion to dismiss on the merits but consider it unopposed. See Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. Also, when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."); Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 986 (11th Cir. 2017) (same).

4:24-cv-448-MW-MAF

is a matter of abatement that does not reach the merits, the Court will not address Defendants' alternative argument on punitive damages. See Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

## I.    Allegations of the Amended Complaint, ECF No. 7

The following facts come from Plaintiff's amended complaint ("complaint"). ECF No. 7 at 5-9. The Court accepts the complaint's non-conclusory statements as true at this stage. Plaintiff is an inmate at the Florida Department of Corrections ("DOC"). On January 3, 2024, he was housed in the confinement unit at Liberty Correctional Institution. Defendants Martin, Davis, and Traylor were correctional officers in the unit and tried to remove Plaintiff from his cell. Plaintiff "screamed PREA [Prison Rape Elimination Act] many times" and requested psychiatric treatment because he thought the Defendants "were going to kill him." He does not allege that he was ever sexually assaulted. Plaintiff submitted to hand and leg restraints. Defendants left Plaintiff in the restraints until the next day, for a total of 30 hours. Plaintiff suffered injuries to his hands and feet as a result.

Defendants then physically battered Plaintiff in the cell. Plaintiff requested medical treatment but he was denied it. The beatings took place through January 4, 2026. Between January 3-13, 2024, Defendants Davis and Traylor would not give Plaintiff a "toothbrush, toilet paper, soap, or writing

4:24-cv-448-MW-MAF

materials." Part of that time he was left without shoes and denied showers. Plaintiff says he submitted "numerous grievances" between January 18-26, 2024 which were "met with boilerplate responses." He provides a single grievance number: 2401-120-013.

Plaintiff brings Eighth Amendment claims against Defendants in their individual capacities for excessive use of force and denial of medical treatment. He also brings an Eighth Amendment conditions of confinement claim against Defendants Davis and Traylor. He seeks monetary damages.

## II.   Standard of Review – Exhaustion

The Prison Litigation Reform Act (PLRA) requires a prisoner to properly "exhaust all available administrative remedies" before filing a § 1983 action or any lawsuit "about prison life." Porter v. Nussle, 534 U.S. 516, 516-517 (2002), *citing* 42 U.S.C. § 1997e(a) and Booth v. Churner, 532 U.S. 731, 736 (2001). Exhaustion is a mandatory precondition to suit and is properly raised in a Rule 12(b) motion to dismiss. Id.; Tillery v. U.S. Dep't of Homeland Sec., 402 F. App'x 421, 425 (11th Cir. 2010). "Requiring exhaustion allows prison officials an opportunity to resolve disputes…before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Since it is an affirmative defense, Defendants have the burden of proof. Id. at 216. If Defendants meet their burden by showing Plaintiff failed to exhaust the available administrative

remedies, dismissal is required. <u>Wright v. Georgia Dep't of Corr.</u>, 820 F. App'x 841, 843 (11th Cir. 2020).

Proper exhaustion means a prisoner must comply with the specific prison grievance procedures, including deadlines. <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, (2006). Florida provides a grievance system for its prisoners at DOC. The process requires three steps. <u>See</u> Fla. Admin. Code R. 33-103.005-007; <u>Parzyck v. Prison Health Servs., Inc.</u>, 627 F.3d 1215, 1218 (11th Cir. 2010). A prisoner generally must: (1) file an informal grievance with a designated prison staff member within 20 days of the incident; (2) if not resolved, file a formal grievance at the institutional level with the warden's office within 15 days from the date of the informal grievance response; and (3) if still unresolved, submit a grievance appeal to the DOC Secretary/Central Office within 15 days of the formal grievance response. <u>Id.</u>

A grievance or grievance appeal "shall address only one issue or complaint." Fla. Admin. Code R. 33-103.007(4)(f). Unless it is a type of grievance that can be "filed directly to the Office of the Secretary," a grievance appeal must include a copy of both the formal and informal grievance and responses. Fla. Admin. Code R. 33-103.007(2)(a)-(b). Writing "anywhere other than within the boundaries" of the box on the grievance form or on up to two additional pages is not permitted and requires a grievance to

4:24-cv-448-MW-MAF

"be returned for non-compliance." Fla. Admin. Code R. 33-103.007(4)(b). Failure to comply with these rules requires the grievance to be returned to the prisoner without action. Fla. Admin. Code R. 33-103.007(2)(d) & 33-103.014(1)(a), (f), (g).

The information contained in a grievance matters. "While a prisoner is not required to name each defendant in a grievance in order to properly exhaust a claim, he is required to provide as much relevant information as he reasonably can in the administrative grievance process" to put officials on notice of the issue. Williams v. Barrow, 559 F. App'x 979, 986 (11th Cir. 2014), *quoting* Jones, 549 U.S. at 219 and Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (finding a failure to exhaust as to two defendants where grievance did not describe their conduct and was untimely) (internal marks omitted). This means "a prisoner must exhaust each claim that he seeks to present in court." Arias v. Perez, 758 F. App'x 878, 881 (11th Cir. 2019) (affirming dismissal of failure to protect claim against an officer where plaintiff only requested transfers in his grievances and cited general danger, because claiming an officer "failed to protect him is distinct from the claim that he should be transferred"). Therefore, at a minimum, Plaintiff must have included in his grievance *some* description of the misconduct he now alleges against Defendant in the complaint.

4:24-cv-448-MW-MAF

Exhaustion is evaluated using two steps. <u>Turner v. Burnside</u>, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the Court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." <u>Id.</u> "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." <u>Id.</u> If not, the court proceeds to step two and must "make specific findings in order to resolve the disputed factual issues related to exhaustion." <u>Id.</u> These factual disputes can be resolved by the Court because the issues are not intertwined with the merits of the underlying claim and the parties have had "sufficient opportunity to develop a record." <u>Bryant</u>, 530 F.3d at 1373-74, 1376; <u>see also</u> <u>Perttu v. Richards</u>, 605 U.S. 460, 479 (2025). Courts can consider evidence outside the pleadings to make factual findings as to exhaustion without converting the motion to dismiss into a motion for summary judgment. <u>Id.</u>; <u>see also</u> <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374-76 (11th Cir. 2008).

## III.   Discussion

Defendants' motion to dismiss includes Plaintiff's grievances and direct appeals filed for this incident. ECF No. 42-1 through 42-6. As already discussed, Plaintiff has not provided any response or documentation contesting Defendants' evidence. It is therefore treated as unopposed.

4:24-cv-448-MW-MAF

Plaintiff filed the following grievances related to this case:

- Informal Grievance # 2401-120-011, Grievance and Response Dated January 12, 2024: Plaintiff states he "caused trouble" on January 3, 2024 due to a "break down" but that he is "better now." ECF No. 42-1 at 1. He grieves not having access to mail, a bible, or his commissary to access stamps and other mailing supplies. Id. He complains of not having soap, toothbrush, "blues," or a shower. Id. He requests his "card" be "deactivate[d] so no one can steal [his] money." Id. He does not mention excessive force but does state that his "hand[s] and feet are still numb from the restraints." Id. The grievance was "was returned without action" as non-compliant with the rules because it addressed more than one issue or complaint. Id. at 2.

- Informal Grievance # 2401-120-053, Dated January 13, 2024, Response Mailed January 16, 2024: Plaintiff apologizes "for [his] actions on January 3, 2024" and restates his requests for a shower, soap, bible, commissary, stamps, envelopes, paper, and mailing supplies. ECF No. 42-1. The grievance was "returned without action" as non-compliant with the rules because portions of Plaintiff's handwriting was outside of the designated box. Id.

- Informal Grievance # 2401-120-027, Dated January 17, 2024, Response Mailed January 23, 2024: Plaintiff grieves being "without drinking water" since the day prior after the "sink stopped working." ECF No. 42-3 at 1. He names several officers he told about the problem, including the three Defendants and two other officers, but claims he was told the officers are supposed to be "hurting" him, not "helping" him. Id. He again grieves not having mailing supplies, a bible, access to showers, hygiene items, and clothes. Id. He also complains of being "housed in the same place where most of" the officers he "batter[ed]…work every day." Id. There is a second page of writing on the back of page in two columns. Id. at 2. The grievance was "returned without action" as non-compliant with the rules because portions of Plaintiff's handwriting was outside of the designated box. Id. at 3.

- Informal Grievance # 2401-120-042, Dated January 29, 2024, Response Mailed February 6, 2024: Plaintiff again complains that he has no access to mail, commissary, books, clothes "hardly," and asks why he is "still in this camp around the same officers that I have the batter[ies] on." ECF No. 42-4 at 1. He says has "been sweared [sic] at"

and "threatened" by the unnamed officers. Id. He also says he was "sprayed 9 times with mace on [January 3, 2024]" and he "should [have] been transferred by now." Id. The grievance was "was returned without action" as non-compliant with the rules because it addressed more than one issue or complaint. Id. at 2

- Direct Appeal # 24-6-08295, Dated February 28, 2024, Response Dated March 18, 2024: Plaintiff says he has "put in many sick calls…to be seen about [his] feet and hands and the loss of feeling in them from the hand and leg restraints being left on from [January 3, 2024] to [January 14, 2024]. ECF No. 42-5 at 1. He describes his scars from this injury and requests medical attention. Id. The appeal was "returned without action" as non-compliant with the rules because it did not include "a copy of the formal grievance filed at the institutional level as required by rule." Id. at 2. Plaintiff did not provide an "acceptable" reason for bypassing the normal grievance process. Id.

- Direct Appeal # 24-6-08493, Dated March 6, 2024, Response Dated March 18, 2024: Plaintiff says "this is [his] 5th grievance." ECF No. 42-6 at 1. For the first time, Plaintiff claims he was subjected to an "organized use of force" on January 3, 2024 where the hand and leg restraints were too tight and left on for a day, causing cuts, scars, and loss of feeling in his hands and ankles. Id. He complains of lack of medical treatment despite sick calls. Id. He complains of being left in the same area as the officers he battered. Id. He requests the "video" and "audio" be checked." Id. The appeal was "returned without action" as non-compliant with the rules because it did not include "a copy of the formal grievance filed at the institutional level as required by rule." Id. at 2. Plaintiff did not provide an "acceptable" reason for bypassing the normal grievance process. Id.

The exhibits make clear that Plaintiff did not properly grieve either of his current claims because he failed to follow DOC grievance procedure. He never made it outside of step one, the informal grievance stage, because none of his informal grievances complied with DOC rules. As Defendants note, "Plaintiff was informed that he could resubmit" his informal grievance

4:24-cv-448-MW-MAF

"in compliance with [DOC rules] if within the allowable time frames," but "Plaintiff did not resubmit." ECF No. 42 at 13-14. Plaintiff never engaged in step two, the filing of any formal grievances. He also never engaged in step three, the regular appeals process.

Plaintiff's direct appeals also failed to comply with the rules; he failed to give any reason, let alone a permissible one, for filing a direct appeal as opposed to participating in the regular three-step process of informal grievance, formal grievance, appeal. Even if Plaintiff was permitted to bypass the regular process and instead file a direct appeal, his direct appeals were both untimely. See Fla. Admin. R. 33-103.011(1)(d) ("Direct Grievances to the Office of the Secretary – Must be received within 15 calendar days from the date on which the incident or action which is the subject of the grievance occurred). The incident he tried to grieve occurred between January 3, 2024 and January 14, 2024. Fifteen calendar days from January 14, 2024 is January 29, 2024. Plaintiff's direct appeals were not filed until one and two months after the deadline, on February 28, 2024 and March 6, 2024. See ECF Nos. 42-5, 42-6.

There is no dispute of fact under step one of Turner because Plaintiff failed to file a response to Defendants' motion to dismiss, leaving Defendants' exhibits unrebutted. Defendants have met their burden showing

4:24-cv-448-MW-MAF

Plaintiff failed to exhaust his available administrative remedies for his claims. Therefore, dismissal is warranted.

## IV.    Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 42, be **GRANTED** and this action **DISMISSED** for failure to exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida on May 5, 2026.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**

4:24-cv-448-MW-MAF